### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FWBII HOLDINGS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-687-GPM |
| | ) |
| **SCOTTSDALE INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Hukic v. Aurora Loan Services,* 588 F.3d 420, 427 (7th Cir. 2009) ("[I]t is always a federal court's responsibility to ensure it has jurisdiction"); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (A district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Defendant removed this case from the Circuit Court of the Second Judicial Circuit, Hamilton County, Illinois on June 7, 2012, claiming federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446 (Doc. 2). Defendant alleges that Plaintiff is a citizen of Illinois for purposes of diversity jurisdiction, as "an Illinois Limited Liability Company with its principal place of business located in Illinois." The citizenship of a limited liability company ("LLC"), however, is not determined on the same bases as corporate citizenship–the citizenship of an LLC depends on the citizenship of all of its members. *See Hukic,* 588 F.3d at 427 ("The notice of removal therefore gave two pieces of irrelevant information...(the state of its principal place of business and that is was a

Delaware company) while failing to provide the information critical to determining its citizenship: the citizenship of its members."); *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."); *White Pearl Inversiones S.A. v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011) ("For an LP, LLC, or similar organization, the citizenship of every investor counts…If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed.") (internal citations omitted).

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Defendant is **ORDERED** to file an Amendment to the Notice of Removal **on or before June 29, 2012**, to establish the citizenship of Plaintiff FWBII Holdings LLC. If Defendant fails to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendant cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear").

**IT IS SO ORDERED.**

DATED: June 14, 2012

                                                  s/ *G. Patrick Murphy*
                                                  G. PATRICK MURPHY
                                                  United States District Judge